IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DONNA DROWN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>UTAH STATE OFFICE OF EDUCATION, BENJAMIN RASMUSSEN, MURRAY CITY SCHOOL DISTRICT, and STEVEN HIRASE,<br><br>Defendants. | ORDER ADOPTING<br>REPORT AND<br>RECOMMENDATION (Dkt. 38)<br>and<br>REPORT AND<br>RECOMMENDATION (Dkt. 39)<br><br><br><br>Case No. 2:16cv1273<br>Judge Dee Benson |

Before the court are two separate Report and Recommendations issued by United States Magistrate Judge Paul M. Warner on February 20, 2018, recommending that this court: (1) Grant the Utah State Office of Education and Benjamin Rasmussen's (collectively the "State Defendants") Motion for Judgment on the Pleadings and Motion to Dismiss (Dkt. No. 38); and (2) Grant the Murray City School District and Dr. Steven Hirase's (collectively the "School District Defendants") Motion for Judgment on the Pleadings and motion to dismiss (Dkt. No.

1

39).

The parties were notified of their right to file objections to each Report and Recommendation within fourteen (14) days after receiving it. Plaintiff filed a consolidated objection to both recommendations of the magistrate judge. (Dkt. No. 44.) Having reviewed all relevant materials, including plaintiff's objection, the record that was before the magistrate judge, and the reasoning set forth in each of the magistrate judge's Report and Recommendations, the court agrees with and adopts the analysis and conclusion of the magistrate judge.

<u>State Defendants</u>

With regard to the State Defendants, the court agrees with the magistrate judge's conclusion that the State Defendants are "arms of the state" and not "persons" for purposes of 42 U.S.C. § 1983, and are entitled to eleventh amendment immunity. *See Watson v. Univ. of Utah Med. Ctr.*, 75 F.3d 569, 574 (10th Cir. 1996). Additionally, because the State Defendants were not Plaintiff's employer, the State Defendant's are not subject to Title I of the ADA or Rehabilitation Act, *see PGA Tour, Inc. v. Martin*, 532 U.S. 661, 692 (2001), and Plaintiff's claims cannot stand on Title II of the ADA because Plaintiff was never denied the benefits of the services and programs provided by the State Defendants. Finally, the court agrees that Plaintiff's claim for Rule 65B extraordinary relief is improperly brought and untimely. *See Gilbert v. Maughan*, 379 P.3d 1263 (Utah 2016).

<u>School District Defendants</u>

With regard to the School District Defendants, the court agrees that many of Plaintiff's

ADA claims are untimely as the ADA "requires an individual to file a timely administrative claim within 300 days of the challenged action." *Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1183 (10th Cir. 2003). Applying this standard, the magistrate judge correctly concluded that any alleged discriminatory conduct occurring prior to September 4, 2014, cannot provide the basis for Plaintiff's ADA claims. With regard to Plaintiff's timely claim – alleging that the School District Defendants failed to accommodate her disability by failing to communicate certain information to the school board – the court agrees with the magistrate judge's conclusion that Plaintiff's allegations fail to set forth a claim for failure to accommodate. Similarly, Plaintiff's due process claim, based on the alleged injury to her good name and reputation, fails because the facts alleged do not satisfy the standard set forth in *Stidham v. Peace Office Standards and Training*, 265 F.3d 1144, 1153 (10th Cir. 2001), and Plaintiff cannot show that her reputation was damaged "in connection with [an] adverse action taken against [her]." *Flanagan v. Munger*, 890 F.2d 1557, 1571 (10th Cir. 1989).

Leave to Amend

The court also agrees with the magistrate judge's conclusion that allowing plaintiff to amend her complaint would be futile. The new allegations and arguments that plaintiff seeks to set forth in an amended complaint are, by her own explanation, the same allegations and arguments she previously presented to the court in her written responses to the defendants' motions for judgment on the pleadings. (Dkt. 44 at 13 (asking the court to "review docket numbers 27 and 28" and informing the court that if "given leave to amend my original claim I will incorporate those arguments".) The new allegations and arguments were responded to by

the defendants in their reply memoranda, and more importantly, they were expressly considered, addressed, and rejected by the magistrate judge in his report and recommendation. Accordingly, the court agrees with and adopts the conclusion of the magistrate judge that allowing Plaintiff to amend her complaint would be futile.

## CONCLUSION

Therefore, the court ADOPTS the Report and Recommendations of the magistrate judge and orders as follows:

(1) The State Defendants' Motion for Judgment on the Pleadings and Motion to Dismiss (Dkt. 15) is GRANTED and Ms. Drown's claims against the State Defendants are dismissed with prejudice; and

(2) The School District Defendants' Motion for Judgment on the Pleadings and Motion to Dismiss (Dkt. 19) is GRANTED and Ms. Drown's claims against the School District Defendants are dismissed with prejudice.

DATED this 1st day of May, 2018.

_____
Dee Benson
United States District Judge